IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HSBC MORTGAGE SERVICES, INC.,

        Plaintiff,

v.

TERRY CUNNINGHAM; and GABRIELLE CUNNINGHAM,

        Defendants,

QUINTALE E. ROSS,

        Movant.

1:07-cv-02480-WSD-JFK

## OPINION AND ORDER

This matter is before the Court on Terry Cunningham's ("Cunningham") Notice of Removal [2] and HSBC Mortgage Services, Inc.'s ("HSBC") Emergency Motions to Remand [6], for Attorney's Fees [7], for Reconsideration of Order Granting *In Forma Pauperis* status [9], and for Relief to Prohibit Future Serial Removal Actions [10].

**I.   FACTUAL BACKGROUND**

HSBC filed the underlying action in the State Court of DeKalb County, Georgia on May 21, 2007, alleging that Cunningham is a tenant at sufferance of

real property located in Conley, Georgia.  HSBC sought a dispossessory warrant pursuant to O.C.G.A. § 44-7-50.  See HSBC Mortgage Services, Inc. v. Gabrielle Cunningham, et al., No. 07D41550 (DeKalb Cty. State Ct.) (the "State Action"). On June 11, 2007, two days before trial, Cunningham removed the State Action to this Court.  On June 20, 2007, the Court remanded the State Action.  Cunningham v. HSBC Mortgage Services, Inc., No. 07-cv-1346-WSD [Docket Entry No. 5] (N.D. Ga. June 20, 2007) ("Case No. 07-cv-1346").  The Court determined it lacked subject matter jurisdiction over the State Action under either diversity of citizenship or federal question jurisdiction.  Id.  Cunningham moved for reconsideration, which the Court denied on July 2, 2007.  Id. at Docket Entry No. 9.  Cunningham appealed the Court's denial of his motion for reconsideration to the United States Court of Appeals for the Eleventh Circuit.  Id. at Docket Entry No. 10.  After determining *sua sponte* that it lacked jurisdiction pursuant to 28 U.S.C. § 1447(d),[1] the Eleventh Circuit dismissed the appeal.  Cunningham v. HSBC Mortgage Services, Inc., No. 07-13169-H (11th Cir. Aug. 9, 2007).

---

[1] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).

On September 28, 2007, Cunningham filed this second removal action, again days before his State Court trial was scheduled to begin on October 1, 2007. Cunningham petitioned the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and on October 9, 2007, Magistrate Judge King granted Cunningham's *in forma pauperis* petition. <u>HSBC Mortgage Services, Inc. v. Cunningham, et al.</u>, No. 07-cv-2480 (N.D. Ga.) [Docket No. 8] ("Case No. 07-cv-2480" or "this case").  HSBC has not amended its claims in the State Action to assert rights arising under federal law.  Cunningham also does not now allege that he, or any other defendant in the State Action, is now or ever was a citizen of any State other than Georgia.

On October 3, 2007, HSBC filed an Emergency Motion to Remand [6] and an Emergency Motion for Attorney's Fees [7].  HSBC also filed an Emergency Motion to Reconsider Magistrate Judge King's order granting Cunningham *in forma pauperis* status [9], and an Emergency Motion for Relief prohibiting Cunningham from removing the State Action to this Court in the future [10].

For the reasons that follow, HSBC's motions for remand, reconsideration, and relief prohibiting Cunningham from removing the State Action again are

granted.[2]  On reconsideration, Cunningham's motion to proceed *in forma pauperis*

is denied, and HSBC's motion for attorney's fees is granted-in-part.

## II.   DISCUSSION

It is with some consternation that this Court is asked again to remand a case

which should not have been removed once, much less removed twice.

Cunningham has alleged no changed circumstances in the State Action which

---

[2] Normally, the Court would allow the full time provided under the Local Rules for Cunningham to respond to HSBC's Motion to Remand.  See LR 7.1(B), NDGa.  In this case, however, it is unnecessary for the briefing to be completed.  Federal courts are courts of limited jurisdiction, and a federal court must take care to ensure that it has jurisdiction over all cases that come before it.  Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000).  To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion.  Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").  Here, Cunningham's removal raises a jurisdictional issue which the Court could have addressed *sua sponte* even if HSBC had not filed an Emergency Motion to Remand.  See 28 U.S.C. § 1447(c).  As for HSBC's other emergency motions for fees, reconsideration, and extraordinary relief, the Court may waive the time requirements for opposition briefing set forth in the Local Rules upon written motion and for good cause shown.  LR 7.2(B), NDGa.  HSBC has shown good cause why this frivolous removal should be remanded immediately, and why the interests of expediency and judicial economy justify deciding all pending motions at one time.  The Court therefore waives the timetable for briefing set forth in the Local Rules and decides all pending motions with this OPINION AND ORDER.

could possibly vest this Court with jurisdiction, and the Court's independent review of the State Action confirms the same. What is also unchanged is that Cunningham's case was again scheduled for trial. By all appearances, Cunningham has twice attempted to delay trial of the State Action by seeking removal jurisdiction in this Court. Federal courts have dealt with this sort of behavior before. See e.g., Smith v. Student Non-Violent Coordinating Committee, 421 F.2d 522, 524 (5th Cir. 1969) (affirming second remand, and grant of attorney's fees, where second removal action was "taken in bad faith with the obvious purpose and intent of simply frustrating the trial of the issues in the State Court."). The Court must do the same here, this time clearly instructing Mr. Cunningham not to employ this delaying tactic again.

For the reasons already explicated in the Court's opinion and order in Case No. 07-cv-1346, this action must be remanded. "[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

at § 1447(c).  Removal is appropriate in three circumstances:  (1) the parties have diverse citizenship and meet the amount in controversy requirements for diversity jurisdiction, 28 U.S.C. 1332(a); (2) the face of the complaint asserts a claim arising under federal law, 28 U.S.C. § 1331; or (3) "the subject matter of a putative state law claim has been totally subsumed by federal law" such that the state law claims are completely preempted.  Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).  Where the propriety of removal is in question, the burden of showing why removal is proper falls on the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Cunningham appears to base removal on federal question jurisdiction.[3]  "To determine whether the claim arises under federal law, [courts] examine the 'well

---

[3] Either inadvertently or through an attempt to be as broad as possible, Cunningham conspicuously neglected to selected a "Basis for Jurisdiction" on the Civil Cover Sheet [2] filed in this case.  The Court therefore examines each possible basis for removal jurisdiction.  Cunningham does not present any allegation that diversity jurisdiction is appropriate, that a federal question exists, or that HSBC's state law claims have been so subsumed by federal law that they are completely preempted.  Where original jurisdiction for removal purposes is founded on diversity of citizenship, an action may be removed only if none of the defendants is a citizen of the State in which the action is brought.  28 U.S.C. § 1441(b).  None of the parties to this case are alleged to be citizens of any State other than Georgia.  To the contrary, Cunningham's Affidavit in Support of his Request to Proceed *In Forma Pauperis* [1] states that he resides in Conley, Georgia.

pleaded' allegations of the complaint and *ignore potential defenses*: a suit arises under the Constitution and laws of the United States only when the *plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution* . . . . As a general rule, absent diversity jurisdiction, a case will not be removable if the *complaint* does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (emphasis added) (internal quotation marks omitted); accord Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003). The State Action claims violations arising exclusively under Georgia law and thus does not satisfy the well-pleaded complaint rule. Further, Cunningham fails to demonstrate grounds for the application of any exception to the well-pleaded complaint rule. See, e.g., Alabama v. Conley, 245 F.3d 1292, 1295-99 (11th Cir. 2001). Cunningham's only assertion of anything even related to federal law is his contention that HSBC's dispossessory action violates "the Uniform Commercial Code and 15 USC 1692." Even assuming those allegations as true, Cunningham's alleged *defenses* arising under federal law have no bearing on whether the State Action complaint, on its face, satisfies the well-pleaded complaint rule. Because *the plaintiff* has not

asserted claims arising under any federal law, the Court must remand this action pursuant to 28 U.S.C. § 1447(c).

Regarding other pending motions, HSBC moves this Court to reconsider Magistrate Judge King's order granting Cunningham leave to proceed *in forma pauperis*. Reconsideration is appropriate where there is (1) newly discovered evidence; (2) an intervening development or change in the law; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

With due respect for the analysis and conclusions of Magistrate Judge King, reconsideration of Cunningham's *in forma pauperis* application is appropriate. This is Cunningham's second motion for *in forma pauperis* status. On July 31, 2007, this Court denied Cunningham's first application to proceed *in forma pauperis* in Case No. 07-cv-1346. Cunningham's current Affidavit in Support of his request to proceed *in forma pauperis* [1] is the same in most material respects as his affidavit in Case No. 07-cv-1346. Where the affidavits differ, it appears that Cunningham is, if anything, less deserving now of *in forma pauperis* status than he was previously. For instance, Cunningham states that he is currently employed and owns an automobile, two conditions which apparently did not exist in July. The

Court sees no reason not to adhere to its prior determination.  Reconsideration is appropriate to correct what the Court determines is a clear error of fact.  On reconsideration, the Court denies Cunningham's application to proceed *in forma pauperis*.

HSBC also moves for its attorney's fees expended in twice seeking to remand this improperly removed case [7].  Under 28 U.S.C. § 1447, "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision to award attorney's fees under § 1447(c) is completely within the Court's sole discretion.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Normally, the Court should award attorney's fees only where the removing party lacks an "objectively reasonably basis for seeking removal."  Id.  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Id. at 140.

HSBC has incurred legal fees as a result of two improper removals. In the Court's discretion, it is appropriate for HSBC to be reimbursed for its legal expenses as a result of this second improvident removal. In Case No. 07-cv-1346, HSBC initially sought reimbursement of $700.00 in attorney's fees for the time spent drafting HSBC's first set of emergency motions to remand. Case No. 07-cv-1346 [Docket No. 3]. However, HSBC withdrew its request the following day. Case No. 07-cv-1346 [Docket No. 4].

HSBC now seeks reimbursement of the total attorney's fees expended as a result of both improper removal actions, in the total amount of $1,400.00. The Court grants HSBC's motion with respect to fees incurred solely in the instant removal action. As to Case No. 07-cv-1346, HSBC waived its ability to move for attorney's fees when it withdrew its motion. As to this case, however, Cunningham has caused HSBC to move yet again for remand, even though this Court's prior Order clearly stated it lacked subject matter jurisdiction over the State Action. Cunningham had no "objectively reasonable basis" for this removal attempt. Martin, 546 U.S. at 141. Additional expenses incurred by HSBC in this case result solely from Cunningham's second completely frivolous removal action, and for those expenses Cunningham is solely responsible.

The Court finds HSBC's fees as a result of this removal action to be in the amount of $700.00, representing the difference between the fees incurred in Case No. 07-cv-1346 and this case. The Court finds $700.00 to be a reasonable amount, encompassing four hours of attorney time at $175.00 per hour. The Court determines, based on its experience in this market for legal services and its knowledge of hourly rates charged by attorneys in this market for services such as those provided to HSBC, that this is a reasonable amount of time to spend on the motions filed and that $175.00 per hour is a reasonable rate in this market for the legal services provided to HSBC. E.g., Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) ("[T]he court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area."). The Court therefore orders Cunningham to pay HSBC the sum of $700.00 as reimbursement for attorney's fees actually incurred as a result of this second improper removal.

Finally, HSBC moves this Court for extraordinary relief preventing future removals of the State Action. Given Cunningham's recent history of improper removals, apparently as a delaying tactic, an order limiting further removals is appropriate. See e.g., Smith, 421 F.2d at 524. Cunningham is hereby ordered not

to file any further removal actions of DeKalb County State Court Case No. 07D41550 without the express prior written permission of this Court and the payment of the required filing fee. If circumstances change such that this Court has original jurisdiction over the State Action, then Cunningham may at that time seek permission to remove the State Action.[4]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that HSBC's Emergency Motion to Remand [6] is **GRANTED**, and the Clerk of Court is **DIRECTED** to remand this action to the State Court of DeKalb County, Georgia.

**IT IS HEREBY ORDERED** that HSBC's Emergency Motion for Reconsideration [9] is **GRANTED**. On reconsideration, **IT IS HEREBY ORDERED** that Cunningham's Motion to Proceed *In Forma Pauperis* is **DENIED**.

---

[4] Cunningham is reminded that this OPINION AND ORDER is not a final decision subject to direct appeal. Pursuant to 28 U.S.C. § 1447(d), the Court of Appeals has no jurisdiction over an appeal of this order to remand. Cunningham v. HSBC Mortgage Services, Inc., No. 07-13169-H (11th Cir. Aug. 9, 2007) (dismissing for lack of jurisdiction Cunningham's appeal of this Court's initial order to remand Case No. 07-cv-1346).

**IT IS HEREBY ORDERED** that HSBC's Emergency Motion for Attorney's Fees [7] is **GRANTED-IN-PART**.  Pursuant to 28 U.S.C. § 1447(c), Defendant Terry Cunningham is **ORDERED TO PAY** to Plaintiff HSBC Mortgage Services, Inc. the sum of **700.00 DOLLARS** as payment of just costs and expenses incurred as a result of this removal attempt.

**IT IS HEREBY ORDERED** that HSBC's Emergency Motion for Relief to Prohibit Future Serial Removal Actions [10] is **GRANTED**.  Cunningham is **ORDERED** not to file any other removal notices of DeKalb County State Court Case No. 07D41550 without the express written permission of this Court, obtained in advance, and without payment of the required filing fees.

**SO ORDERED** this 12th day of October 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE